UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-627-H

LESLEY LYNN HILL                                                                               PLAINTIFF

V.

LANIER PARKING METER SERVICES, LLC                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff has asked the Court to reconsider two particular issues concerning its October 6, 2010, Memorandum Opinion and Order granting Defendant summary judgment on all claims. Plaintiff's objections concern the Court's analysis of her hostile work environment claim.

First, Plaintiff says that the Court misapplied the standard for whether she "unreasonably failed" to take advantage of corrective opportunities provided by Defendant's complaint process. Second, Plaintiff says that the Court ignored evidence that the hostile work environment did interfere with her work performance. The Court has considered each of these objections.

I.

The Court actually considered the first issue in its Memorandum Opinion. Defendant did have a clear complaint policy; Plaintiff was aware of it; and did not report her complaints to the proper persons. Consequently, she failed to follow the policy. She provided no excuse, other than the implication that talking to others than the designated person should have been sufficient. However, discussing her complaints with others is not a reasonable excuse for failing to follow a known policy and for failing to talk to the correct persons.

Typically, a plaintiff could show that a failure to follow a policy was reasonable by

evidence that: (1) plaintiff attempted to follow the policy without success; (2) plaintiff had valid reasons to believe that the policy itself would not work; or (3) the person to whom plaintiff must report had demonstrated bad faith or prejudice. Plaintiff has argued nothing like any of these circumstances. Rather, Plaintiff knew the procedures, but she chose to talk with others instead. In these circumstances, Plaintiff cannot establish Defendant's vicarious liability for the acts of one of its employees.

## II.

Plaintiff's second argument is one which the Court had not considered: that her reaction to Jump's conduct caused her to aggressively deflect the conduct through the use of humor. Plaintiff says that Hernandez disciplined her for this reaction. In reviewing all of the evidence, it quite frankly never occurred to the Court that Hernandez "disciplined" Plaintiff for her reaction to Jump's conduct. True, he counseled her on how to deal with it and even suggested better ways of dealing with it. But she continued to perform her job without interruption. She received good evaluations, a pay increase and a promotion. Eventually, Jump was fired. None of this seems to suggest that Plaintiff was impeded in her ability to do her job.

## III.

The foundation of the Court's analysis is its conclusion that Jump's conduct was not sufficiently serious or pervasive to create a hostile work environment under Sixth Circuit cases. The Court has reviewed its analysis and continues to believe that it was correct. Under those circumstances, of course, Plaintiff's claim would fail regardless of the considerations contained in Sections I and II above.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to reconsider is DENIED.



cc: Counsel of Record